IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALLORY JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1101 |
| | § | |
| ALSCO, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand ("Motion") [Doc. # 6]

filed by Plaintiff Mallory Jackson, to which Defendant Alsco, Inc. ("Alsco") filed a

Response [Doc. # 8]. Having reviewed the full record and applicable legal authorities,

the Court finds that the Notice of Removal was untimely pursuant to 28 U.S.C.

§ 1446(c)(1). On that basis, the Court **grants** the Motion to Remand.

## I.    BACKGROUND

Plaintiff worked for Defendant as a Route Service Representative. Plaintiff

alleges that in January 2016, he suffered a serious knee injury when he slipped and fell

at work. Plaintiff's employer was a nonsubscriber to the Texas Workers'

Compensation Insurance System.

Plaintiff filed the Original Petition in Texas state court on January 7, 2017,

naming "Admiral Linen and Uniform Service, Inc. by Alsco" as the Defendant. *See*

Original Petition, Exh. A to Motion.  On November 29, 2017, Plaintiff filed his First Amended Petition, changing the name of the Defendant to "Admiral Linen and Uniform Service, Inc." ("Admiral Linen").  *See* First Amended Petition, Exh. B to Motion.  In both the Original Petition and the First Amended Petition, there was only a single defendant.

On December 18, 2017, Defendant sent Plaintiff's counsel a copy of the Motion to Abate and to Compel Arbitration ("Motion to Abate") filed in the state court lawsuit by Admiral Linen.  *See* Motion to Abate, Exh. C to Motion.  The state court judge denied the Motion to Abate on March 27, 2018.  *See* Order, Exh. D to Motion.

On August 20, 2018, Admiral Linen served its Response to Plaintiff's Request for Disclosure in the state court lawsuit.  The first request was for the correct name of the parties in the lawsuit, to which Admiral Linen answered "The parties have been correctly named."  *See* Response to Request for Disclosure, Exh. E to Motion, p. 3.

On December 5, 2018, Admiral Linen filed a First Amended Answer, stating that "Plaintiff has sued the wrong entity" because Admiral Linen had been acquired by Alsco in April 2015.  *See* First Amended Answer, Exh. G to Motion.  That same day, Admiral Linen filed an Amended Response to Plaintiff's Request for Disclosure, stating:

> Admiral Linen & Uniform Service, Inc. is not the proper party.  In April 2015, ALSCO, Inc. purchased Admiral Linen & Uniform Service, Inc.,

2

and at all pertinent times ALSCO, Inc. was the employer of the Plaintiff Mallory Jackson.

Amended Response to Request for Disclosure, Exh. H to Motion, p. 3.

On March 5, 2019, counsel for the parties entered into an agreement for Plaintiff to substitute Alsco for Admiral Linen as the Defendant in the state court lawsuit. *See* Letter Agreement, Exh. I to Motion. In return, Defendant's counsel agreed to accept service on Alsco's behalf, and agreed "not to raise the defense of statute of limitations and agree[d] that the amended petition ***relates back to the date of original filing***." *See id.* (emphasis added). On March 18, 2019, Plaintiff filed the Second Amended Petition, naming Alsco, Inc. as the Defendant. *See* Second Amended Petition, Exh. J to Motion. On March 25, 2019, Alsco filed its Notice of Removal.

On April 19, 2019, within thirty days after the Notice of Removal was filed, Plaintiff filed his Motion to Remand. Plaintiff argues that the removal was untimely and, therefore, the case should be remanded to state court. The Motion to Remand has been briefed and is now ripe for decision.

## II.   ANALYSIS

Where, as here, removal is based on diversity of citizenship, the case may not be removed "more than 1 year after commencement of the action, unless the district

court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

Alsco notes correctly that § 1446(c)(1) applies only to cases that are not originally removable.  *See Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998)). The Original Petition and the First Amended Petition each named only one Defendant, named first as "Admiral Linen and Uniform Service, Inc. by Alsco" and later as "Admiral Linen and Uniform Service, Inc."  In each pleading, Plaintiff alleged that the lone defendant was a Texas corporation.  It is undisputed that Plaintiff and Admiral Linen are both citizens of Texas.  As a result, the lawsuit filed in state court was not originally removable.

Section 1446(c)(1) requires that the Notice of Removal be filed within one year after the commencement of the state court lawsuit.  *See* 28 U.S.C. § 1446(c)(1).  "A civil action is commenced by filing a complaint with the court."  FED. R. CIV. P. 3; *New York Life*, 142 F.3d at 885; *Perez v. Lancer Ins. Co.*, 2006 WL 2850065 (S.D. Tex. Oct. 4, 2006).  Plaintiff filed the Original Petition in state court on January 7, 2017, more than one year before the Notice of Removal was filed.  On March 5, 2019, before Plaintiff filed the Second Amended Petition, counsel entered into a written agreement under which Plaintiff would amend the petition to name Alsco as the

defendant and the amended petition would "relate[] back to the date of original filing."
*See* Letter Agreement, Exh. I to Motion. Plaintiff filed his Second Amended Complaint on March 18, 2019. Pursuant to the parties' Letter Agreement, the Second Amended Complaint naming Alsco as the correct defendant relates back to the date of original filing, January 7, 2017. The Notice of Removal was filed March 25, 2019, well more than one year after the commencement of the action. Therefore, Alsco's Notice of Removal was untimely pursuant to § 1446(c)(1).

As noted above, § 1446(c)(1) contains an exception to the one-year removal requirement where the plaintiff "has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Alsco argues that Plaintiff acted in bad faith because he knew that Alsco was his employer. The removing defendant has the burden of showing that plaintiffs acted in bad faith to prevent removal. *See Jones v. Ramos Trinidad*, __ F. Supp. 3d __, 2019 WL 2022534, *3 (E.D. La. May 8, 2019).

Section 1446(c)(1) essentially codified the equitable tolling principle previously recognized by the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). *See Sampson v. Miss. Valley Silica Co.*, 268 F. Supp. 3d 918, 926 (S.D. Miss. 2017). In *Tedford*, the Fifth Circuit held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby

preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Tedford*, 327 F.3d at 428-29. Although the Fifth Circuit has not defined "bad faith" in the context of § 1446(c)(1), courts within the circuit have opined that the standard for showing bad faith is comparable to the standard for establishing equitable tolling under *Tedford*. *See id.* (and cases cited therein).

Alsco has failed to present evidence of bad faith. Plaintiff named Admiral Linen as the originally-named Defendant. Admiral Linen filed a Motion to Abate in its own name, and responded to a request for disclosure by stating that the parties "have been correctly named." It was not until December 5, 2018, that Admiral Linen first stated that it was not, in fact, the correctly named defendant. Plaintiff filed his Second Amended Petition shortly thereafter, subject to the parties' Letter Agreement, naming the correct Defendant. Although there is evidence that Plaintiff knew before filing suit that there was a relationship between Admiral and Alsco, there is no evidence that Plaintiff manipulated the state court lawsuit in an attempt to preclude Alsco from removing the case within one year from the date it was filed. Therefore, Alsco has failed to establish the "bad faith" exception to the one-year requirement of § 1446(c)(1).

III.   **CONCLUSION AND ORDER**

The Notice of Removal was filed more than one year after the commencement of the lawsuit.  As a result, removal was untimely pursuant to 28 U.S.C. § 1446(c)(1).  Absent a showing that Plaintiff acted in bad faith in order to prevent timely removal, it is hereby

**ORDERED** that the Motion to Remand [Doc. # 6] is **GRANTED** and this case is **REMANDED** to the 11th Judicial District Court of Harris County, Texas.  The Court will issue a separate Order of Remand.  It is further

**ORDERED** that Defendant's Motion to Compel Arbitration [Doc. # 3] is **DENIED** without prejudice to being reurged, if appropriate, following remand.

SIGNED at Houston, Texas, this 24th day of **May, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE